UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

US MARSHALS SERVICE N/TX
DALLAS, TX
2025 AUG 28 A 10:59

MA-12/23/25

AZ NO. 25-3493MJ

# Petition for Person Under Supervision

| | |
|---|---|
| Person Under Supervision: | Daniel Delgado Davila    Case No.: 3:25-CR-00250(1) |
| Name of Sentencing Judge: | U.S. District Judge Diana Saldana (Transferred to U.S. District Judge Jane J. Boyle on May 28, 2025) |
| Date of Original Sentence: | July 19, 2021 |
| Original Offense: | Conspiracy to Transport and Move and Attempt to Transport and Move within the United States by Means of Transportation and Otherwise, an Undocumented Alien, 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(A)(v)(I), and (a)(1)(B)(i), a Class C felony |
| Original Sentence: | 33 months custody, 3-year term of supervised release |
| Revocations: | None |
| Detainers: | None |
| U.S. Marshals No.: | 25991-509 |
| Type of Supervision: | Supervised Release    Date Supervision Commenced: September 25, 2023 |
| Assistant U.S. Attorney: | Ursula Montessa Smith    Defense Attorney: Rolando Charles, Jr. (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

I.

**Violation of Standard Condition No. 5**

You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Nature of Noncompliance**

On or about June 12, 2025, the defendant violated this condition of supervised release as the defendant moved from his residence without notifying this officer, and his employer has not seen or heard from him in two months.

CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK
Yolanda Pace
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS
August 28, 2025

## Personal History

On September 25, 2023, Mr. Davila began supervision in the Southern District of Texas. On March 29, 2024, Mr. Davila began his supervised release in the Northern District of Texas. Mr. Davila resided with his cousin in Garland, Texas, until May 10, 2024, when he decided to leave the residence due to a conflict amongst the other residents. Mr. Davila moved into a room at his place of employment and was sleeping inside the shop. He was also sleeping in cars in the parking lot where he was working. Mr. Davila was told he needed to go to a shelter. Mr. Davila later went to a shelter but stated they wanted him to be back at 1:30pm for intake, and he stated it was not going to work for him as he needed to be able to work. Mr. Davila did not have transportation and was unable to travel to the Southern District of Texas to get his birth certificate to be able to obtain his state identification. Mr. Davila's employment changed every so often; however, he was always at the same location as he worked for one of the three different car lots in the same building. Attempts have been made to contact family members to try and locate Mr. Davila. This officer has also spoken to the different businesses where he worked to see if they had any information about his whereabouts. At this time, his current whereabouts are unknown. Mr. Davila's supervision is set to expire on September 24, 2026.

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | N/A |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | 3 years, minus revocation sentence 18 U.S.C. § 3583(h). |

If a defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the Court may, (1) continue him/her on probation, with or without extending the term or modifying or enlarging the conditions; or (2) revoke the sentence of probation and resentence the defendant under Subchapter A. 18 U.S.C. § 3565. Further, when a defendant is sentenced following revocation of probation, the District Court is not limited to the sentencing range available at the time of the original sentence. U.S. v. Pena, 125 F.3d 285, (5th Cir. 1997).

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §7B1.1(a)(1), p.s. |
| **Criminal History Category:** | V | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 7-13 months | USSG §7B1.4(a), p.s. |
| **Fine:** | None | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 27, 2025
Respectfully submitted,

Steven Young
U.S. Probation Officer
Dallas
Phone: 214-765-4054

Approved,

Melissa Faraci
Supervising U.S. Probation Officer
Phone: 214-753-2543

**Order of the Court:**

- ☐ No action.
- ☑ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.
- ☐ The Issuance of a Summons.
- ☐ Other or Additional:
- ☐ File under seal until further order of the Court.

The Honorable Jane J. Boyle
U.S. District Judge

August 28, 2025
Date

# United States District Court
## Northern District of Texas
DALLAS

US MARSHALS SERVICE N/TX
DALLAS, TX

2025 AUG 28 A 10: 59

UNITED STATES OF AMERICA

V.

Daniel Delgado Davila

CASE NUMBER: 3:25-cr-00250-B-1

MAG. CASE NUMBER: ____________

To: The United States Marshal
and any Authorized United States Officer

## WARRANT FOR ARREST OF PROBATIONER/SUPERVISED RELEASEE

You are hereby commanded to arrest the within-named probationer/supervised releasee and bring him/her, forthwith, before the United States District Court to answer charges that he/she violated the conditions of his/her probation/supervised release imposed by the Court.

NAME OF PROBATIONER/SUPERVISED RELEASEE:

Daniel Delgado Davila

ADDRESS (STREET, CITY, STATE):

Unknown

PROBATION/SUPERVISED RELEASE IMPOSED BY (NAME OF COURT): DATE IMPOSED

U.S. District Court Southern District of Texas, Laredo 07/23/2021

TO BE BROUGHT BEFORE (JUDGE, NAME OF COURT, CITY, STATE):

U.S. District Court Northern District of Texas, Dallas

Karen Mitchell
Karen Mitchell, U.S. District Court Clerk

UNITED STATES DISTRICT COURT ★ NORTHERN DISTRICT OF TEXAS ★

s/Y. Pace
(By) Deputy Clerk

8/28/2025
Date

## RETURN

Warrant received and executed. Date Received ____________ Date Executed ____________

Executing Agency (Name and Address)

____________________________________________

Name: ____________ (By)____________ Date: ____________

11225661